# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:26-cv-00090-MR

| | |
|---|---|
| JAMES ALEXANDER RAY, )<br>  )<br>    Plaintiff,    )<br>  )<br>vs.    )<br>  )<br>  )<br>  )<br>LESLIE COOLEY DISMUKES,    )<br>et al.,    )<br>  )<br>    Defendants.    )<br>_____ ) | **MEMORANDUM OF<br>DECISION AND ORDER<br>ON INITIAL REVIEW** |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint. [Doc. 1]. See 28 U.S.C. §§ 1915(e)(2) and 1915A. Plaintiff is proceeding in forma pauperis. [Docs. 2, 5].

## I. BACKGROUND

Pro se Plaintiff James Alexander Ray ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Alexander Correctional Institution in Taylorsville, North Carolina. On March 26, 2026, he filed this action, naming Leslie Cooley Dismukes, identified as Secretary of the North Carolina Department of Adult Correction ("NCDAC"), and Ben Anderson, identified as Superintendent of Alexander, as Defendants. [Doc. 1]. Plaintiff appears to allege as follows.

Plaintiff was born a free Moorish American National citizen of the Asiatic Moorish Nation. On December 19, 2019, the NCDAC denationalized him by labeling him a Black American,[1] which made Plaintiff's imprisonment illegal for lack of "judicial," subject matter, and personal jurisdiction. [Id. at 6]. For seven years, Defendants "ha[ve] committed Genocide and Acts of Denationalization" by keeping Plaintiff restrained. Plaintiff became aware of the issue in March 2026 and filed a grievance. [Id.].

Plaintiff seeks injunctive relief including immediate release from incarceration, compensatory and punitive damages, and declaratory judgment. [Id. at 10].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding pro se, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any

---

[1] According to the NCDAC Inmate Locator website, Plaintiff was convicted of First-Degree Murder on December 10, 2019, and has been in NCDAC custody since December 11, 2019.

portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III.   DISCUSSION

"So-called sovereign citizens argue that, though they are born and reside in the United States, they are their own sovereigns and are not United States Citizens." Pinckney v. U.S. Government – I.R.S., No. 2:19-3046-BHH-BM, 2020 WL 3474011 (D.S.C. Jan. 27, 2020) (citation omitted). Sovereign Citizens, sometimes referred to as "free born Moors" or "Moorish American," "are widely recognized as a security threat group in prisons because the group attempts to undermine governmental authority." Love v.

<u>N.C. Dep't of Public Safety</u>, No. 5:19-cv-00075-MR, 2020 WL 6050583 (W.D.N.C. Oct. 13, 2020).  <u>See</u> <u>e.g.</u>, <u>Colar v. Heyns</u>, No. 1:12-cv-1269, 2013 WL 141138, at *3 (W.D. Mich. Jan. 11, 2013) ("The 'sovereign citizen movement' is well documented. The Federal Bureau of Investigation has classified 'sovereign citizens' as domestic terror threats because they are anti-government extremists.").  The United States has not recognized the so-called "Moorish Nation" as a sovereign. <u>Id.</u>; <u>United States v. $7,000.00 in United States Currency</u>, 583 F.Supp.2d 725 (M.D.N.C. 2008).

Moreover, "Moorish Nation" and "Sovereign Citizen" arguments have been universally rejected by the courts across this country.  Plaintiff's claim that his incarceration is unlawful for lack of judicial, subject matter, and personal jurisdiction due to his Moorish American citizenship and subsequent denationalization is rejected.  <u>See</u> <u>United States v. White</u>, 480 Fed. App'x 193, 195 (4th Cir. 2012) (finding "no merit in [defendant's] claim that the district court lacked jurisdiction over his prosecution because his ancestors had been illegally seized and brought to the United States"); <u>United States v. Ulloa</u>, 511 Fed. App'x 105, 106 n. 1 (2d Cir. 2013) ("sovereign citizens are a loosely affiliated group who believe that the state and federal governments lack constitutional legitimacy and therefore have no authority to regulate their behavior"); <u>United States v. Schneider</u>, 910 F.2d

4

1569, 1570 (7th Cir. 1990) (describing the "sovereign citizen" arguments as having "no conceivable validity in American law"); United States v. Jagim, 978 F.2d 1032, 1036 (8th Cir. 1992) (holding that defendant's "sovereign citizen" argument was "completely without merit" and "patently frivolous"). Furthermore, any claim that Plaintiff is "not subject to the laws of North Carolina because of [his] alleged Moorish nationality" is frivolous. See, e.g., El–Bey v. North Carolina, No. 5:11-CV-00423-FL, 2012 WL 368374, at *2 (E.D.N.C. Jan. 9, 2012).

For these reasons, the Court will dismiss Plaintiff's Complaint as frivolous and for failure to state a claim upon which relief can be granted. The dismissal will be with prejudice because amendment would be futile.

## IV. CONCLUSION

In sum, the Complaint is dismissed with prejudice as frivolous and for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

## ORDER

**IT IS THEREFORE ORDERED** Plaintiff's Complaint [Doc. 1] is **DISMISSED WITH PREJUDICE** in accordance with the terms of this.

The Clerk is respectfully instructed to terminate this action.

**IT IS SO ORDERED**.

Signed: April 20, 2026

Martin Reidinger
Chief United States District Judge